In the Matter of Allen R. WARD and Anna J. Ward, Debtors.

Allen R. WARD and Anna J. Ward, Plaintiffs,

v.

EQUIBANK, United States of America, Richard W. Roeder, Esq., Trustee, Defendants.

Bankruptcy No. 83–00206E.

United States Bankruptcy Court, W.D. Pennsylvania.

June 12, 1985.

Mark M. Ristau, Warren, Pa., for debtors.

Donald E. Lewis, Asst. U.S. Atty., Pittsburgh, Pa., for the U.S.

WM. B. WASHABAUGH, Jr., Bankruptcy Judge,

The bankruptcy petition was filed by the debtors in this case on April 25, 1983, and prior thereto, on May 22, 1978 a judgment lien was obtained by Equibank against the debtors' residence real estate in Warren County, at Warren County Judgment Docket 375 of 1978. The judgment was assigned by Equibank to the United States June 1, 1983 and recorded June 6, 1983 along with an agreement to revive said judgment which was in favor of Equibank and dated March 21, 1983.

The husband-debtor testified he did not remember signing the revival agreement and produced self-serving documents consisting of a log showing his whereabouts in other counties than Warren on the date thereof March 21, 1983 but admitted the signatures on the revival agreement recorded June 6, 1983 were their signatures. (The wife stipulated on the record that her husband's testimony was correct in all respects and submitted no testimony denying that her signature on the revival agreement was her own.)

The post-bankruptcy filing of the revival of the judgment June 6, 1983 without obtaining the permission of the Court is a nullity under the express provisions of 11 U.S.C. § 362(a)(2) and (d). The fact that the revival of the judgment after the bankruptcy filing is a nullity, is of some consequence as the lien of the judgment originally filed May 22, 1978 continued in effect for five years and hence was a valid lien on the debtors' property at the time the bankruptcy petition was filed on April 25, 1983, but perfected liens against a debtor's assets at the time of the filing of a bankruptcy case remain valid against the assets subject thereto until the closing of the bankruptcy case which occurred December 20, 1983. The attempted revival of the judgment originally entered May 22, 1978 by the filing of the revival agreement June 6, 1983 was a nullity not only because filed without court permission in violation of the automatic stay provisions of 11 U.S.C. § 362 as above, but said filing date of the revival

agreement June 6, 1983 was more than five years after the entry of the original judgment May 22, 1978.

It is not necessary for the court to decide whether it should exercise its discretion to reopen the case for the purpose of giving consideration to the debtors' motion to avoid the lien of the judgment to the extent it impaired the debtors' exemption rights as the lien thereon expired on the closing of the case December 20, 1983, five and one half months before the filing date of said motion to revive, and the attempted revival of said lien under the revival agreement filed June 5, 1983 was void not only because it was in violation of the automatic stay, but was filed more than five years after its original entry May 22, 1978: there is, therefore, no judicial lien before the court that is subject to avoidance under the provisions of 11 U.S.C. § 522(f)(1).

IT IS ORDERED, ADJUDGED and DECREED that the lien originally obtained against the debtors' real estate has expired and is void under any analysis of the above facts; that the claim of Equibank assigned to the United States is at most a general unsecured claim against the bankruptcy estate which was closed as a no asset case.